Judge'Buckner,
delivered the opinion of the court.
CRaddocic having failed to comply with an order of the Logan circuit court, directing him and others to pay to one Wilson, $57, the court, upon the motion of Wilson, granted an attachment against him, to show cause, why he had failed to obey the order, and authorized bail to be taken, in the sum of $100.
On service of the attachment, Craddock and Heard, as his surety or hail, executed a bond to the commonwealth, conditioned, for his appearance, at thé May term, 1829.
A forfeiture of the recognizance having been entered, a scire facias against Craddock and Heard, issued on it, dated Lt of July, 1829, and was made returnable to the May term ensuing the date of the recognizance: although there were two intervening terms of the court, between the 1st of July, 1829, and the return day of the scire facias.
It was returned by the officer, executed on the 1st of August, 1829, and at the August term of that year, the circuit court entered judgment on the scire facias against the plaintiffs in error, to reverse which, they prosecute this writ of error.
Before the judgment was entered, the plaintiffs in error moved the court, to quash the recognizance, but the motion was overruled.
Demurrer proper to determine validity of scire fades.
Mills and Brown, for plaintiffs, Denny, attorney general, for commowealth.
Various grounds are assigned as errors; one of them calls in question, the correctness of the opinion, in overruling that motion.
To obtain the opinion of the circuit court as to the validity of the recognizance recited in the scire facias, the proper mode to pursue, was to demur to the scire facias; see Fowler, &c. vs. the Commonwealth, IV Mon. 129. In the case now under consideration, no demurrer was filed.
It was evidently erroneous, to enter judgment before the return day of the scire facias, even if it had been made returnable to a proper term.
But, instead of its being made returnable, (as it should have been,) to the first day of the term, next ensuing its date, it was made returnable, as above stated, after a lapse of two intervening terms; see Hackett vs. Ford, IV Mon. 89.
The judgment of the circuit court must be reversed, and the cause remanded to that court, with instructions to quash the scire facias.